# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Plaintiff, | Case No. 2:96-cr-00182-LDG (GWF) |
| v. | **ORDER** |
| ERNEST NATHANIAL CLARK, | |
|     Defendant. | |

    The defendant, Ernest Nathanial Clark, moves for early termination of probation (## 59, 67), which motion the Court will construe as a motion for early termination of his supervised release. The United States has filed its response (#60), opposing the early termination.

    On May 28, 1998, the Court sentenced Clark to a total term of 195 months imprisonment, with five years of supervised release to follow. The sentence was comprised of three concurrent sentences of 135 months imprisonment for offenses involving cocaine base, and a mandatory consecutive sentence of 60 months for use of a firearm in relation to a drug trafficking crime. On September 30, 2008, this Court granted Clark's request for a reduced sentence pursuant to 18 U.S.C. § 3583(e)(1) as to his three controlled substance convictions, and reduced his sentences for those convictions to 128

months each, to be served concurrently.  Clark remained subject to the mandatory consecutive 60-month sentence for use of the firearm, resulting in a total term of incarceration of 188 months.

In July of 2009, Clark was released from USP Lompoc to a Community Correction Center.  He completed six months at the Community Correction Center and was released from the Correction Center on January 14, 2010.  Currently, Clark's supervised release is scheduled to expire on January 13, 2015.

Under 18 U.S.C. § 3583(e)(1), this Court has discretion to approve the modification or termination of the conditions of supervised release, but only upon consideration of the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. 3583; *United States v. Gross*, 307 F.3d 1043, 1044-45 (9th Cir. 2002). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; deterrence of criminal conduct; the need to protect the public from further crimes; the provision of education, training or medical care; effective correctional treatment; consideration of the established sentencing range and sentencing policies for the crime committed; and any need for restitution. *See*, 18 U.S.C. 3553(a)(1).

While in prison, Clark completed his GED and numerous courses, including a significant 2000-hour course in Barbering/Cosmetology.  Clark represents that, since his release, he has been self-employed as a barber, relying upon the training he received in this course.

Clark further represents that, since his release, he has volunteered with his church, has volunteered to serve food to the homeless, and counsels youth in his neighborhood (including advising them to stay away from drugs and gangs).  He indicates that he has paid off the monetary obligations imposed by the Court, has completed 196 hours of 200 hours of community service imposed as a condition of his supervised release, and has

been regularly tested for controlled substances without any positive response for use of a controlled substance.

The Court would also note, however, that as acknowledged by Clark, and as established at his re-sentencing in 2008, in 2005 he was involved in an in-prison stabbing of another inmate.  For this conduct, the defendant lost 41 days of good-time credit and was placed into disciplinary segregation for 60 days.  In addition, when the Court sentenced the defendant, the Court determined that he had a criminal history category III.

In consideration of all the relevant § 3583(e)(1) factors, the Court concludes that early termination of supervised release is not warranted at this time.  The Court commends the defendant on his progress toward a law-abiding life since 2005, and in particular commends his efforts since the commencement of his supervised release in January 2010.  The defendant's compliance with the terms of his supervised release, however, does not warrant the termination of a five-year term of supervised release more than three years early.  Further, while the defendant's community conduct is admirable, the seriousness of the defendant's prior conduct, including the serious stabbing incident while in prison, remain of concern to the Court at this time.  On balance, the Court cannot conclude that Clark's supervised release should be terminated at less than two years.  Accordingly,

THE COURT **ORDERS** that Defendant's Motions for Early Termination of Probation [sic] (## 59, 67) are DENIED.

DATED this 21 day of December, 2011.

_____
Lloyd D. George
United States District Judge